## Greasy Brush Coal Co. et al. v. Hays et al.

Dec. 18, 1942.

518

J. Smith Hays, Williams Hays and J. J. Tye for appellants.

J. Milton Luker and James M. Hays for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by James M. Hays, a stockholder of the Greasy Brush Coal Company, against that corporation and its three remaining stockholders for the appointment of a receiver, and to require the receiver to pay over to the appellee, Hays, $1,623.04, his proportion of the royalties directed to be paid by the corporation to its stockholders as dividends. Without reciting the details of the pleadings or proof, it is sufficient to say that the refusal of the corporation to pay James M. Hays his proportionate share of the royalties declared as dividends was predicated upon the allegations that the corporation's officers were in doubt as to his actual ownership of the stock standing in his name on the corporation's records, and that the corporation was entitled to recover of James M. Hays and his daughter, named in the statement of appeal as a co-appellee, certain court costs adjudged it in the land litigation reviewed in our decision reported in 288 Ky. 774, 157 S. W. (2d) 75. By counterclaim, appellants sought a declaration of rights respecting the stock ownership, and by cross-petition sought to make the daughter a party to the litigation. The Chancellor settled the controversy by denying the application for a receiver, dismissing the cross-petition seeking to make the daughter a defendant, and by awarding the appellee a judgment against the corporation for the amount of the dividends prayed for.

It is obvious from a consideration of this record and

the record in the preceding application for an appeal by the corporation from the judgment directing it to pay James M. Hays his salary as director, withheld from him on similar grounds (289 Ky. 854, 158 S. W. (2d) 984), that a desire to harass the appellee, probably in retaliation for the land litigation previously referred to, rather than any actual doubt of his ownership of the stock standing in his name, prompted the defense attempted to be made here against his claim for the dividends which it is admitted he was entitled to receive if he owned the stock. This stock, 190 shares, was issued to the appellee more than thirty years ago, no one is asserting any claim to it or to the dividends thereon, other than the appellee, the record owner, and the whole controversy respecting it arises over the fact that the appellee several years ago, in attempting to make a disposition of his estate during a serious illness, temporarily assigned 180 shares of the stock to his daughter. The stock was never transferred on the books of the corporation, and the facts relative to its assignment to the daughter were disclosed through their testimony in the land litigation. However, on November 22, 1940, the daughter, by a formal assignment, duly executed and acknowledged, had reassigned the stock to her father, the appellee, and this assignment had been exhibited to the corporation's officers, and a copy thereof filed in the record in the suit brought by appellee to recover his salary. A copy was likewise filed in the present litigation and the stock certificates themselves produced in open court and exhibited to counsel and the Chancellor. The genuineness of the assignment by which the daughter re-invested appellee with title to the stock is not disputed, and we find it difficult to believe that appellant's officers actually thought that the corporation would be better protected if the assignment to appellee was filed with the corporation as part of its records, which seems to be their main insistence. It is true that a corporation transfers stock at its peril, and must be sure that the person to whom it issues the certificate is the true owner; but it does not follow that it could be held liable for paying dividends to the record owner where the only other person who had ever claimed any right to any portion of the stock, had relinquished such right by formal assignment duly executed, authenticated, and made the basis of a judgment of a court of general jurisdiction in a proceeding in which the genuineness of the document was fully prov-

en and not even attacked. What further protection appellants could have we do not know. We are certain, at least, that appellants were not entitled to a declaration of their rights arising under KRS 271.160 and KRS 271.170 (KS 545 and 546). These sections of the Statues require no further interpretation—at least so far as the present case is concerned—than we have previously given them. Moreover, appellee's actual ownership of the stock referred to, and the absence of any right in the corporation requiring him to file with the corporation the assignment from his daughter, was adjudicated by this Court in denying the appeal heretofore referred to. 289 Ky. 854, 158 S. W. (2d) 984. It follows that the Chancellor was correct in awarding appellee, under his prayer for general relief, a judgment against the corporation for the amount admittedly due the owner of the 190 shares of stock.

It is unnecessary to consider appellee's reiterated assertion that he was entitled to the appointment of a receiver, since we could not grant that relief had we any disposition to do so, in view of his failure to take a cross-appeal.

The only remaining question to be disposed of is whether the Chancellor erred in ignoring appellants' claim that the corporation was entitled to a judgment for the costs incurred in the land litigation, or to set them off against the amount of the dividends to which appellee was entitled. That he did not err in so refusing is apparent from the fact that it does not appear from the pleadings what portion, if any, of these costs were awarded against appellee. On the contrary, it is expressly alleged that they were due and owing by Minerva Frances Hays, appellee's daughter and a non-resident, whom appellant attempted to bring before the Court by constructive service. It is alleged that appellee agreed that these costs might be deducted from the dividends due him, but no consideration for such an agreement is alleged. Moreover, it is very doubtful whether, under the provisions of Sect. 96, Civil Code of Practice, the costs incurred in other and disconnected litigation could be made the subject of a counterclaim or set-off against the claim asserted by appellee in this action.

Judgment affirmed.